**This order is SIGNED.**

**Dated: October 29, 2020**


**WILLIAM T. THURMAN**
U.S. Bankruptcy Judge



## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy No. 12-33194 |
|---|---|
| Jonathan Blake Crosswhite, | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

**MEMORANDUM DECISION REGARDING MOTION FOR DETERMINATION OF APPLICATION OF DEBTOR'S DISCHARGE INJUNCTION**

This matter is before the Court by way of Richman & Richman LLC's ("Richman") Motion for Determination of Application of Debtor's Discharge Injunction. The Court conducted a telephonic hearing on the matter on October 1, 2020. At the hearing, Brian M. Rothschild appeared on behalf of Richmond. The Debtor did not appear. While Lou Harris also appeared on the line given that he represented the Debtor in the bankruptcy case, the Debtor did not retain Mr. Harris for this matter. The Court took the matter under advisement and rendered an oral ruling on the record on October 14, 2020 granting Richman's motion. That same day, the Court entered the order granting Richman's motion. In that order, the Court reserved the right to memorialize its October 14, 2020 oral ruling in a formal memorandum. Accordingly, the Court now memorializes that ruling through this Memorandum Decision, which is essentially that which was stated on the record.

## BACKGROUND

In August 2011, Richman represented the Debtor in a Utah divorce action. The Debtor filed for Chapter 7 bankruptcy relief in October 2012. Prior to the petition date, the Debtor incurred $40,454.50 in fees and costs in his divorce action. By the time the Debtor filed for bankruptcy, he had paid Richman $21,250.00. Therefore, the Debtor owed the remaining pre-petition amount of $19,204.50. Notwithstanding his bankruptcy filing, Debtor requested that Richman continue representing him in his divorce and promised to continue paying Richman on his pre- and post-petition obligations. Richman agreed and continued representing the Debtor.

After the petition date, Debtor continued paying Richman regularly in a manner that did not match up with post-petition billings, but, instead, reduced the amount of pre-petition debts owed. Richman represented Debtor until the divorce was final. Thereafter, Richman presented Debtor with a final billing, totaling $84,907.05, of which $40,454.50 was for pre-petition work and $44,452.55 was for post-petition work. As of December 13, 2013, the Debtor had paid $33,735.50. On January 30, 2013, the Court granted the Debtor a discharge of his pre-petition debts. On February 14, 2013, the Court closed the Debtor's Chapter 7 case.

The Debtor continued making payments to Richman after the discharge and through April 15, 2015 but then ceased. In accordance with Richman's internal accounting policy and state law, Richman applied each payment from the Debtor to the Debtor's oldest outstanding debt first. At no time did the Debtor direct Richman to only apply his payments to post-petition obligations. As of April 15, 2015, the Debtor had $19,171.55 that remained outstanding on his bill, all of which was for post-petition work.

On April 19, 2018, Richman filed suit in state court to recover the outstanding debt. The Debtor answered by arguing that his discharge barred Richman's action. On August 19, 2020,

the state court entered a stay pending resolution of whether there was any amount that was discharged and what, if any amount, might still be owing to Richman, but for the discharge by this Court.  Thus, Richman now seeks an order that the discharge injunction did not (1) preclude Richman's application of funds to the pre-petition amount owing to Richman and (2) that he is not barred from pursuing the Debtor for post-petition debt.  Importantly, the Debtor failed to respond in any respect to Richman's motion, and the time for doing so has since passed.  Indeed, the Debtor neither filed an opposition to Richman's motion nor appeared at the hearing.

### JURISDICTION, VENUE, AND NOTICE

The Court will first address jurisdiction.  As mentioned above, while not in a representative capacity for his client, Mr. Harris made an appearance at the hearing.  In that appearance, he asserted that, because this case is closed, the Court lacks jurisdiction to resolve Richman's motion.  The Court finds this argument to be without merit.  As stated by the United States Supreme Court, "bankruptcy court[s] plainly ha[ve] jurisdiction to interpret and enforce [their] own prior orders," and that jurisdiction continues even after the bankruptcy case has closed.  *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009).  Accordingly, courts across the country have likewise determined that they retain jurisdiction to interpret and enforce their orders in closed cases.  *See In re Cano*, 410 B.R. 506, 546 (Bankr. S.D. Tex. 2009); *In re Redmond*, 380 B.R. 179, 186 (Bankr. N.D. Ill. 2007); *In re Birting Fisheries, Inc.*, 300 B.R. 489, 499 (B.A.P. 9th Cir. 2003); *Koehler v. Grant*, 213 B.R. 567, 569 (B.A.P. 8th Cir. 1997).  The Court finds these cases to be persuasive.

Therefore, in light of the Supreme Court's decision in *Travelers* and the listed persuasive authority, the Court finds that its jurisdiction to decide Richman's motion, is properly invoked under 28 U.S.C. § 1334 such that the Court can interpret and enforce the discharge order in this

3

case. In addition, this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and this Court may enter a final order. Likewise, the Court finds that venue is proper under the provisions of 28 U.S.C. § 1408.

Lastly, the Court finds that notice for the hearing on Richmond's motion was proper. Richman served the notice for the hearing on the Debtor at his P.O. Box address in Park City, Utah as listed on the docket of this case for the matters before this Court. Importantly, the motion and notice delivered to the P.O. Box were not returned. Yet, Mr. Rothschild noted during the hearing that the Debtor had a different Park City address that was on the record in the state court action brought by Richman against the Debtor. While this difference initially raised some concern with the Court that the Debtor was not adequately served for the current motion, that concern was alleviated when Mr. Harris explained that he had spoken with the Debtor regarding Richman's motion. Mr. Harris confirmed that the Debtor had properly received notice and was apprised of this pending matter. Therefore, the Court finds that notice was proper.

## DISCUSSION

Prior to addressing the merits and substance of Richman's motion, the Court will first address the Debtor's failure to (1) respond to the motion and (2) appear at the hearing. Pursuant to Local Rule 9073-1(j), the failure of a non-moving party to appear at a hearing may be deemed as consenting to the relief sought by the moving party. Moreover, pursuant to Local Rule 9013-1(f), if a party fails to file an opposition to a motion, the Court may grant the relief requested and need not have a hearing on the motion. Therefore, because the Debtor failed to appear at the hearing or otherwise oppose Richman's motion, the Court finds that the Debtor has consented to the relief sought therein. Thus, on that procedural basis, the Court finds cause to grant Richman's motion.

Independent of the procedural basis for granting Richman's motion, the Court will also address the merits of Richman's motion. Under Section 727(b) of the Bankruptcy Code, a discharge injunction discharges all pre-petition debts. 11 U.S.C. § 727 (b). To that end, a court may adjudicate whether a claim arises pre- or post-petition to determine whether a claim has been discharged. *See Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir. 1998).

In considering whether the debt claimed still owing in this case was pre- or post-petition, the Court notes that Richman has provided relevant authority in support of its position. To start, this Court must apply the law of the forum for various contractual and property ownership purposes under the Supreme Court decision *Butner v. United States*, 440 U.S. 48 (1979). Pursuant thereto, Richman cites Utah state law, specifically, the Utah Supreme Court case *Geneva Pipe Co. v. S&H Ins. Co.*, 714 P.2d 648, 651 (Utah 1986) to establish that, absent an agreement to the contrary, a creditor may apply payments to whichever debt he pleases when there are two or more debts. That is precisely what Richman did in this case. Furthermore, Richman cites *In re Hager*, 510 B.R. 131, 132 (Bankr. W.D. Mich. 2014)—a case that had very similar facts to those presently before this Court. In that case, the Court sided with the creditor by finding that the creditor had permissibly allocated the debtor's payments to pre-petition debts even though the court had entered a discharge injunction. *Id.* at 137–38. Accordingly, the Court found that the debtor remained obligated to pay the post-petition debt. *Id.* With Richman's representations of the application of funds received and the citation to and the Court's review of *In re Hager*, the Court finds that Richman has provided sufficient grounds to warrant the requested relief—especially in the absence of any counter authority provided by the Debtor.

In addition, the Court notes that a discharge under Section 727 "does not wipe away the debt" but "only serves to eliminate the debtor's personal responsibility to pay the debt." *In re*

5

*Vogt*, 257 B.R. 65, 70 (Bankr. D. Colo. 2000). As such, Section 524(f) of the Bankruptcy Code provides that "[n]othing contained in subsection (c) or (d) . . . prevents a debtor from voluntarily repaying any debt." 11 U.S.C. § 524(f). To that end, a debtor may "elect to voluntarily repay discharged debts for reasons unrelated to debt collection activity." *In re Bruno*, 356 B.R. 89, 92 (Bankr. W.D.N.Y. 2006). Thus, notwithstanding the discharge entered in this case, nothing precluded the Debtor from continuing to make voluntary payments to Richman. And because the Debtor failed to respond to Richman's motion or appear at the hearing, the Court will assume that the Debtor voluntarily made payments on the pre-petition debts owed to Richman, and that, under Utah state law, Richman was permitted to apply the Debtor's payments to pre-petition debt.

As a final matter, the Court notes that had the Debtor directed that Richman apply the amounts being paid to Richman only to post-petition obligations due, the Debtor's argument for applying the discharge would have been stronger. However, such was not done here.

## CONCLUSION

Therefore, based on the foregoing stated reasoning, it is HEREBY ORDERED:

1. Richman's Motion for Determination of Application of Debtor's Discharge Injunction is GRANTED; and

2. The remaining debts owed by the Debtor to Richman are post-petition debts to which the discharge injunction does not apply.

## DESIGNATION OF PARTIES TO RECEIVE SERVICE

Service of the foregoing **MEMORANDUM DECISION REGARDING MOTION FOR DETERMINATION OF APPLICATION OF DEBTOR'S DISCHARGE INJUNCTION** will be effected through the Bankruptcy Noticing Center to each party listed below:

**By Electronic Service:**

J. Kevin Bird tr: jkevinbird@birdfugal.com, kbird@ecf.epiqsystems.com; kbtrustee@aol.com;melanie@birdfugal.com;jkb@trustesolutions.net

Lou G. Harris: lgh@lincolnlaw.com, lghfreelooks@gmail.com

Brian M. Rothschild: brothschild@parsonsbehle.com, ecf@parsonsbehle.com;docket@parsonsbehle.com

United States Trustee: USTPRegion19.SK.ECF@usdoj.gov


**By U.S. Mail -** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

Jonathan Blake Crosswhite
PO Box 981625
Park City, UT 84098